FILED
01 APR 27 PM 3: 14
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 27 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

STEVEN LATRELL STEWART, a        }
minor, etc., et al.,             }
                                 }
    Plaintiffs,                  }    CIVIL ACTION NO.
                                 }
v.                               }    CV-01-AR-0581-J
                                 }
GENE CANTRELL, et al.,           }
                                 }
    Defendants.                  }

## MEMORANDUM OPINION

The document entitled "Answer" filed by plaintiffs on April 25, 2001, will be considered as a brief in opposition to defendants' motions for summary judgment. As such, it fails to provide a way around the bar of *res judicata* which precludes plaintiffs' claims against defendants, Gene Cantrell ("Cantrell") and City of Sulligent ("the City"). Because plaintiffs' brief says nothing that calls for a reply from defendants, the court will not await any such supply. The fact that the state court had concurrent jurisdiction over any claim that plaintiffs may have had under 42 U.S.C. §1983 means that plaintiffs **could have** litigated those claims in their unsuccessful state court action. If they **could have** litigated those claims, they **should have** litigated them, and not having done so they forfeited them. When the state court adjudicated plaintiffs' case, and when no timely appeal was taken by them, plaintiffs' subsequent action in this court was foreordained to fail.



The question presented by the motion for summary judgment filed by the only other appearing defendant, Mary R. Gilmer ("Gilmer"), is a bit different. Plaintiffs' "answer" makes no effort to contradict Gilmer's affidavit attached to her Rule 56 motion. Therein she swears that she did not own the vehicle involved in the accident and had no control over its driver, Amanda Anthony. This undisputed testimony cannot be offset by the plaintiffs' mere allegation that: "Mary R. Gilmer was the owner of the vehicle and negligently entrusted the vehicle to her granddaughter, Amanda Anthony". Complaint ¶13. Plaintiffs having failed to offer any proof whatsoever in support of this factual allegation upon which their claim against Gilmer depends, Gilmer's motion for summary judgment is due to granted, even without considering the further undisputed fact that on the same day plaintiffs filed their action in this court they filed suit against Gilmer in a state court, creating a race to judgment. Had plaintiffs requested a dismissal without prejudice of their action in this court as against Gilmer, especially when there will no longer be any federal claim upon which to append it after the §1983 claims are dismissed, the court would have granted their motion and would have allowed plaintiffs to pursue their unadjudicated claims in state court, but no such request was made.

An appropriate separate order will be entered.

DONE this 27th day of April, 2001.

*/s/ William M. Acker*

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE